## GILBERT v. MURPHY.

### (Circuit Court, E. D. Wisconsin. March 5, 1900.)

EQUITY PLEADING—ALLOWANCE OF SEVERAL PLEAS.

By the general rule, a single plea only is permitted to a bill, and several should not be allowed unless they present well-defined issues, not interwoven with the alleged equities of the bill, and which can be determined separately, without regard to such equities, and without injustice to the complainant.

In Equity. On motion for leave to file three separate pleas to the bill.

Henry Schofield, for complainant.

Fish, Cary, Upham & Black, for defendant.

SEAMAN, District Judge. The object of a plea is to bring the matters presented by the bill to an issue upon a single point which may save the defendant from answering, in whole or in part, and save the expense of going into the evidence at large. Generally speaking, it sets up matter dehors the bill in displacement of the equities therein charged, and the general rule permits a single plea only. Even on such single plea, if it appears that it "may in any degree embarrass the complainant in bringing out the proofs of his claim on which he relies, the case ought not to be disposed of on such an issue." Rhode Island v. Massachusetts, 14 Pet. 210, 257, 10 L. Ed. 445. Clearly, several pleas should not be allowed unless they present well-defined issues, not interwoven with the alleged equities of the bill, which can be determined separately, without regard to such equities, and without injustice to the complainant. The bill in question seeks to charge the defendant with liability in the relation of trustee. The pleas propose issues (1) of an adjudication in the course of the transactions affecting the rights of the complainant, which appears in the allegations of the bill as one feature of the alleged equities; (2) of transaction of independent settlement by the complainant's predecessor; and (3) of the statute of limitations. The defendant is entitled to "full benefit of the defense which the pleas disclose," but all are clearly open to him through an answer. Whether either presents an issue, within the rule indicated for a plea, is not up for decision. In reference to one, if not two, of these pleas, it is, at least, questionable whether the issue thus tendered can be determined, apart from a hearing upon the equities set up in the bill as to the trust relation of the parties. I am satisfied, however, that no ground appears for granting leave to file more than one plea, and that may be filed as of right, if so advised. The motion is denied, with leave to the defendant to answer the bill or otherwise plead, as advised, on or before the next rule day.